**MIDWEST STRIPING CO., INC., Plaintiff-Appellee, v. THORMEYER, Acting Director of Highways, Defendant-Appellee, WALD INDUSTRIES, INC., et, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6077.   Decided May 12, 1959.

Knepper, White, Richards, Miller & Roberts, Columbus, for plaintiff-appellee.

Mark McElroy, Atty. Genl., I. Charles Rhoads, Asst. Atty. Genl., Columbus, for defendant-appellee.

Robins, Metcalf & Fisher, Richard B. Metcalf, of Counsel, Columbus, for defendant-appellant.

## OPINION

By BRYANT, PJ.

This proceeding was begun in the Franklin County Common Pleas Court as an action to foreclose a lien upon funds due under highway contracts. It was brought by Midwest Striping Co., Inc., an Indiana corporation, plaintiff-appellee in this court, herein called "Midwest." Listed as defendants below were George J. Thormeyer and Charles M Noble, substitute, who exercised the powers of State Highway Director, defendant-appellee in this court, herein called "State Highway Director," and Wald Industries, Inc., a Pennsylvania corporation, defendant-appellant in this court, herein called "Wald."

It would appear that Midwest had certain contracts with the State Highway Department upon which the balance due and unpaid was $7,957.38, that Wald filed a lien or claim against said funds, that the

work under the contracts was completed and only the lien or claim of Wald kept the State Highway Director from paying to Midwest the $7,957.38.

Midwest in the prayer of its petition asked that it be given judgment for $7,957.38, that Wald be required to set up its claim or be forever barred and for costs. According to briefs of Wald's counsel, there were negotiations between Columbus attorneys for Midwest and Columbus attorneys for Wald which had been in progress for sometime when the above petition was filed. It nowhere appears that the filing of the petition was brought or otherwise came to the attention of local counsel for Wald.

From the record it does appear that steps for non-resident service were taken such as the filing of an affidavit for such service, publication of notice and the mailing of a copy of the notice to Wald addressed to it at Huntingdon, Pennsylvania, without street address.

It appears that an answer was filed on behalf of the State Highway Director and that none was filed on behalf of Wald. The final publication was on May 28, 1958, and on June 20, 1958, default judgment was taken by Midwest against the Director of Highways for the full amount claimed and against Wald by forever barring it from any claim to this fund.

The State Highway Department gave notice to Wald that it was releasing the fund and this notice produced action for on June 30, 1958, just ten days after the taking of the default judgment, Wald filed (a) motion to vacate the judgment; (b) affidavit in support; (c) motion to stay judgment and (d) judgment entry of the court staying the judgment and restraining the department from releasing the fund. The following day, bond was filed.

A series of motions and entries followed and Wald tendered for filing its answer and cross-petition. When the dust all settled, the stay of the judgment was vacated, the answer and cross-petition were rejected and in general the motions of Midwest were allowed and those of Wald were denied.

Wald filed its notice of appeal on questions of law and fact, its brief and assignments of errors and its request to take new evidence. The appeal bond was fixed originally at $500, then reduced to $250.

The matter comes on for consideration upon the motion to dismiss filed by Midwest upon the ground that the only question is whether or not Wald received a copy of the notice, that this is a question of fact and that there is no evidence before the court upon which to make a decision.

But is that the only question in the case?

The amount in judgment was nearly $8,000. We can express no opinion upon the ultimate validity of Wald's claim either in general or in its application to this particular fund, but the fact is that local counsel, an officer and an employee of long standing of Wald at the home office deny the notice ever was received.

Default judgments are not favored in the law and this one was but ten days old when first attacked. One question which might be raised

upon the present state of the record is whether or not there was an abuse of discretion. No opinion is given on this question at this time.

Another question relates to the sufficiency of the tendered answer and the cross-petition. It is our judgment that the motion is not well taken and must therefore be overruled.

Wald has filed an application to take new evidence in the case and for directions. We are unable to find where this application is opposed. It is therefore approved with directions to take depositions before Armstrong and Okey and a suitable entry will be prepared.

DUFFY, J, concurs.
MILLER, J, not participating.